Brantley *vs.* Cheeley *et al.*

W. H. BRANTLEY, plaintiff in error *vs.* MARY CHEELEY *et al.*, defendants in error.

A bill was filed for direction and to marshal the assets of a deceased intestate's estate, and the question as to priority of payment was made between a mortgage creditor of the intestate and the legatees of a testator, on the following statement of facts: Dickson, Davis and Mary Cheeley were the executors and executrix of John Cheeley, deceased; in December, 1860, the executors sold at public outcry a tract of land as the property of their testator, the terms of the sale being a credit of twelve months, with notes and approved security; the land of said Executors' sale was bid off by Dickson, one of the executors, for the sum of $9,041 00, who gave his individual note to Davis, one of the executors, for the amount, and went into immediate possession of the land, and remained in possession of it up to the time of his death, controlling and using it as his own property. Dickson gave no security on the note, and refused to give any. The land was worth, at the time of the sale, in the market, what Dickson bid for it. Afterwards, Mrs. Cheeley, one of the executors, (Davis being dead,) instituted a suit in equity against Dickson on the note given by him for the land, and claimed a vendor's lien for the purchase-money due therefor by Dickson, obtained judgment for what was then due on the note, and established the vendor's lien on the land for unpaid purchase-money due therefor by Dickson. After Dickson's death the land was sold, under that judgment, establishing the vendor's lien, and the proceeds of that sale were paid over to the legatees of John Cheeley. The land was sold under that judgment for what it was worth in the market at the time, but lacked paying off the judgment the sum of $2,484 00. The Court decided that this latter sum was a debt due by Dickson, as *executor* of John Cheeley, and entitled to priority of payment out of his assets:

*Held,* That the purchase of the land by Dickson, at executor's sale, was not void, but voidable, at the election of the legatees; that they might have treated that sale as a *devastavit* on the part of the execu-

tor, or ratify it, at their option, but having acquiesced in that purchase for a considerable length of time, and treated the debt due by him therefor as his *individual* debt, and having received the larger portion of the judgment in payment for their claim for the land founded on that individual debt due by him for the land, they cannot now be heard to say that the balance due on the judgment is a debt due by him as executor, after receiving the larger amount of the judgment obtained against him for the land as a debt due by him in his individual capacity; they could either have repudiated the sale of the land at the executor's sale, and treated it as a *devastavit*, or ratified and confirmed it, but they cannot ratify the sale of the land in part, and repudiate it in part; in other words, they cannot reserve a part of the money for the land as due by Dickson in his individual capacity, and as his individual debt as a purchaser of the land at the executor's sale, and claim that the balance of that same debt is due by him as executor for a *devastavit* in purchasing the land at his own sale, as set forth in the record. If the land had sold for more money under the judgment sale as the individual property of Dickson than he paid for it at the executor's sale, then the legatees would have had the benefit of it, but as the land sold for less, they cannot now, after the land has been sold in the due course of administration, under the vendor's lien, asserted by the surviving executor, who represented the interest of the legatees of Cheeley's estate; and with a full knowledge of the facts on their part, having acquiesced in the same, and received the proceeds of the land, they must now be held to have affirmed the purchase of Dickson at the executor's sale, and that his debt for the land, was his individual debt, and not a debt due by him as an executor for a *devasavit* in purchasing the land at his own sale.

Executors.    Priority of Liens.    Before Judge ANDREWS. Hancock Superior Court.    April, 1870.

John Cheeley died testate, leaving certain land to his legatees: His nominated executors were Thomas J. Dickson, George W. Davis and Mary Cheeley, all of whom qualified. In 1860, they, as such executors, offered for sale said land to the highest bidder, upon a credit, the purchaser to give security. Dickson bid off the land, gave his note for the purchase-money, without security, to his co-executors, took immediate possession of the land and controlled it as his own till his death. The price bid for said land by Dickson was not more than its value in the market at that time.

Davis died. Mary Cheeley, as executrix, sued Dickson on said note, had a decree for its amount, and for a vendor's lien on said land in October, 1867. Dickson died. Afterwards this land was levied on under said judgment, and was sold by the sheriff in January, 1869. It brought all it was then worth in the market, and the proceeds were applied to said judgment, leaving a balance still due on the judgment. Mary Cheeley, as executrix, divided this fund and certain money which Dickson had paid before judgment, between herself and the other legatees of John Cheeley. The legatees never received anything else on account of said land. Dickson owed Brantley, and gave him a mortgage to secure the debt. After Dicksons death his administrator found his estate to be insolvent and filed a bill for marshaling assets, etc. One of the questions presented for direction grew out of the facts herein stated which appeared from the pleadings and proof on the trial. There was a fund on hand for distribution, and Brantley and the legatees of John Cheeley were contending for it.

The legatees admitted that Brantley's debt should be paid in preference to their claim, if their claim was against Dickson, as a private individual. But they contended that, under the facts aforesaid, their demand was against Dickson, as executor of John Cheeley, and, therefore, had priority over Brantley's in the distribution of the assets. Brantley's counsel contended that their claim was not against Dickson, as executor, and that, if it were, the sale by Mary Cheeley, as executrix, and the acceptance and division of the proceeds of said sale among the legatees, as aforesaid, estopped them all from setting up their pretended priority. The Chancellor held that all the legatees of John Cheeley were entitled to such priority, except Mary Cheeley. Brantley's counsel assign said decision as erroneous.

TOOMBS & DuBOSE, for plaintiff in error.

LINTON STEPHENS, for defendants.

WARNER, J.

From the statement of facts disclosed by the record in this case, the Court below erred in deciding that the balance of the debt due on the judgment establishing the vendor's lien on the land against Dickson, as the purchaser thereof, at the executor's sale, was a debt due by Dickson, as *the executor* of John Cheeley, and as such, entitled to *priority* of payment out of the assets of Dickson's estate.

Let the judgment of the Court below be reversed.